1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAO LIN,

            Plaintiff,

    v.

AMAZON.COM SERVICES LLC,

            Defendant.

Case No.  24-cv-01549-SVK

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Re: Dkt. No. 8

      Plaintiff Tao Lin originally filed this case in Santa Clara County Superior Court, alleging that Defendant Amazon.com Services LLC ("Amazon") breached an employment contract with Plaintiff by refusing to sign an employment verification letter that was required under Amazon's offer of employment and that Amazon engaged in retaliation and harassment against Plaintiff. *See generally* Attachment Dkt. 1-2 at PDF p. 11.  On March 13, 2024, Amazon removed the case to this Court.  Dkt. 1 (Notice of Removal).  Now before the Court is Plaintiff's motion to remand the case to state court.  Dkt. 8.  All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 5, 7.  This matter is suitable for determination without oral argument.  Civ. L.R. 7-1(b). For the reasons that follow, Plaintiff's motion to remand is **GRANTED.**

I.     **BACKGROUND**

      On August 22, 2023, Plaintiff filed a form complaint for breach of contract against Amazon in Santa Clara County Superior Court.  *See* Dkt. 1-2 at PDF pp. 32-33 (the "original complaint").  The prayer for relief in the original complaint sought "damages of $$1,000,000" and "[a]n injunction to prevent Amazon from further engaging in any form of retaliation or harassment against Plaintiff."  Dkt. 1-2 at PDF p. 33 (¶ 10).

      On November 9, 2023, Amazon filed a demurrer to the original complaint.  Dkt. 1-2 at PDF pp. 36-47.  On or about January 18, 2024, the Superior Court sustained Amazon's demurrer to the original complaint and granted Plaintiff leave to amend.  Dkt. 1-2 at PDF pp. 57-58.

On or about February 21, 2024, Plaintiff filed an amended complaint in the state court case.  Dkt. 1-2 at PDF pp. 8-19.  The prayer for relief in the amended complaint sought the same remedies as the original complaint:  "damages of $$1,000,000" and "[a]n injunction to prevent Amazon from further engaging in any form of retaliation or harassment against Plaintiff."  Dkt. 1-2 at PDF p. 9 (¶ 10).

On March 13, 2024, Amazon filed a notice of removal of the case from the Santa Clara County Superior Court to this Court.  Dkt. 1.  On April 17, 2024, Plaintiff filed the motion to remand that is now before the Court.  Dkt. 8.

## II.    LEGAL STANDARD

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  Generally, a civil action may be removed only if it could have been brought initially in a federal court, *i.e.,* if federal question or diversity jurisdiction exists.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).  The removal statute is to be strictly construed, and any doubt about removal is to be resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*

## III.    DISCUSSION

### A.    Diversity Jurisdiction

Amazon removed this case to federal court based on diversity jurisdiction.  *See* Dkt. 1 ¶¶ 9-13.[1]  Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).  Plaintiff argues that this case should be remanded because neither the amount in controversy nor the diversity of citizenship requirements are satisfied.  Dkt. 8.

---

[1] Plaintiff's motion for remand argues that neither diversity jurisdiction nor federal question jurisdiction exist.  Dkt. 8 at 2.  As made clear in Amazon's notice of removal and its opposition to the motion to remand, Amazon removed this case based solely on diversity jurisdiction, not federal question jurisdiction.  Dkt. 1 ¶ 9; Dkt. 9 at 3 n.1.  Accordingly, this Order focuses on whether diversity jurisdiction exists.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 1. Amount in Controversy

To establish that over $75,000 is in controversy, Amazon relies on a statement in the prayer for relief in Plaintiff's amended state court complaint indicating that he seeks $1 million. Dkt. 9 at 2 (citing Dkt. 1 ¶ 3). Amazon argues that Plaintiff's $1 million claim satisfies the amount in controversy requirement unless Plaintiff proves that he cannot recover this amount. Dkt. 9 at 3.

The Ninth Circuit has "identified at least three different burdens of proof which might be placed on a removing defendant under varying circumstances." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). In the first situation, when a complaint filed in state court "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.*; *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," except in limited situations); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that when a complaint pleads more than the jurisdictional amount, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). In the second situation, where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a preponderance of the evidence standard applies, and the defendant must provide evidence that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Guglielmino*, 506 F.3d at 699. The third situation arises in cases in which a plaintiff affirmatively pleads that the amount in controversy is less than the jurisdictional requirement (*id.*) and is not at issue in this case.

Here, the prayers for relief in Plaintiff's original and amended state court complaints seek damages of $1 million. Dkt. 1-2 at PDF p. 9 ¶ 10; *see also* Dkt. 1-2 at PDF p. 33 ¶ 10.[2] In several

---

[2] The Court views the relevant question on this motion to remand to be whether the amount in controversy exceeds $75,000, not whether $1 million is actually at issue. *See* 28 U.S.C. § 1332(a).

United States District Court
Northern District of California

1  out-of-District cases cited by Amazon, courts have accepted a plaintiff's allegations seeking

2  damages in excess of the jurisdictional amount in denying motions to remand.  *See Lewis v.*

3  *Sterling Jewelers Inc.*, No. CV 18-0277 FMO (MRWx), 2018 WL 922352 (C.D. Cal. Feb. 18,

4  2018); *Wilder v. Bank of America, N.A.,* No. CV 14-00670 MMM (CWx), 2014 WL 6896166

5  (C.D. Cal. Dec. 5, 2014).  Aspects of this case, however, shed some doubt on the amount actually

6  in controversy.  Plaintiff's conclusory prayer for $1 million in damages is somewhat untethered to

7  the charging allegations in the amended complaint, which include several specific dollar figures.

8  Plaintiff's single cause of action claims that Plaintiff "has not received $8,597.30 in missed pay

9  from Amazon for July 2021."  Dkt. 1-2 at PDF p. 11.  The amended complaint also refers to

10 Amazon's demands for repayment of $1,727.23 and $20,809.04, but it is not clear that Plaintiff

11 ever repaid these amounts to Amazon, and even so they would amount to less than $75,000.[3]

12 Moreover, in a case management statement Amazon filed a month before Plaintiff filed the

13 amended complaint, Amazon indicated that the case was a "limited case" in which the "[a]mount

14 demanded is $35,000 or less."  Dkt. 1-2 at PDF p. 2.  Amazon has offered no explanation how the

15 amount in controversy multiplied from "$35,000 or less" to an amount over $75,000 simply

16 because Plaintiff filed an amended complaint, especially given that both the original and amended

17 complaints prayed for the same relief:  $1 million in damages plus injunctive relief.  Dkt. 1-2 at

18 PDF p. 9 (¶ 10); Dkt. 1-2 at PDF p. 33 (¶ 10).[4]

19      Nevertheless, the Court concludes based on case authorities including those cited by

20

21 [3] Plaintiff's amended complaint also seeks other remedies (*see* Dkt. 1-2 at PDF p. 12), but
   Amazon did not, as it could have, assert in the notice of removal that the amount at controversy
22 included an amount associated with claims for nonmonetary relief.  *See* 28 U.S.C. § 1446(c)(2)(a).
   Amazon's notice of removal bases its amount in controversy contention exclusively on Plaintiff's
23 claim for $1 million in damages.  Dkt. 1 ¶ 13.

24 [4] In its notice of removal, Amazon asserts that removal is timely because the notice of removal
   was filed "within thirty days of becoming removable."  Dkt. 1 ¶ 4; *see also* 28 U.S.C.
25 § 1446(b)(1), (2)(B), (3).  Amazon explains as follows:  "On February 21, 2024, Plaintiff filed an
   amended complaint (the 'Amended Complaint') in the State Court Action.  In the Amended
26 Complaint, Plaintiff asserted, **for the first time**, an amount above $75,000 against Amazon.
   **Specifically, he sought $1 million in damages.**"  Dkt. 1 ¶ 2 (emphasis added).  However, the
27 original complaint, which was filed on or about August 22, 2023 (almost 7 months before Amazon
   removed the case) also contains a prayer for $1 million in damages.  Dkt. 1-2 at PDF p. 33
28 (¶ 10(a)).

United States District Court
Northern District of California

1   Amazon that Plaintiffs' state court complaints expressly demand $1 million and therefore "allege[]

2   on [their] face an amount in controversy sufficient to meet the federal jurisdictional threshold."

3   *Guglielmino*, 506 F.3d at 699.  In his motion to remand, Plaintiff argues that despite his damages

4   claim of $1 million, "the amount in controversy has not been established with legal certainty for

5   purposes of federal jurisdiction."  Dkt. 8 at 2; *see also* Dkt. 10 at 6.  However, the correct inquiry

6   is not whether it is "legally certain" that over $75,000 is in controversy; instead, the question is

7   whether "it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."

8   *Guglielmino*, 506 F.3d at 699.  Based on the record before the Court, it cannot conclude that it is

9   "legally certain" that Plaintiff cannot recover over $75,000.  Accordingly the Court concludes that

10  the amount in controversy requirement is satisfied.  Nevertheless, as discussed below, the case

11  must be remanded because Amazon has not demonstrated that the diversity of citizenship

12  requirement is satisfied.

13                    **2.      Diversity of Citizenship**

14         For diversity purposes, a natural person is considered a citizen of the state in which he is

15  domiciled, which is the place he resides with the intention to remain.  *Kantor v. Wellesley*

16  *Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Here, the Parties agree that Plaintiff is a

17  citizen of California for diversity purposes.  *See* Dkt. 8 at 1-2; Dkt. 9 at 1; *see also* Dkt. 1 ¶ 11.

18         The Parties disagree about whether Amazon has demonstrated that its citizenship is diverse

19  from that of Plaintiff, *i.e.*, that Amazon is not a citizen of California.  A corporation is considered

20  a citizen of every state in which it is incorporated and the state where it has its principal place of

21  business.  28 U.S.C. § 1332(c)(1).  Amazon states in the notice of removal that is incorporated in

22  Delaware (Dkt 1 ¶ 12), and Plaintiff does not dispute this assertion.  The Parties disagree,

23  however, regarding the location of Amazon's principal place of business.  In Amazon's notice of

24  removal, it states its principal place of business is in Seattle, Washington and that it is therefore a

25  citizen of Washington (as well as Delaware).  Dkt. 1 ¶ 12.  In the motion to remand, Plaintiff states

26  that "to the best of [his knowledge], Defendant Amazon.com Services LLC also has its principal

27  place of business in California."  Dkt. 8 at 1-2.  Plaintiff's reply brief elaborates on this argument

28  by asserting that "the company's significant operations in California cannot be ignored" and

enumerating various facts concerning Amazon's operations in California.  Dkt. 10 at 4-5.

"A corporation's principal place of business is determined by the state in which its 'nerve center' is located," which is a single place and is "normally the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Federal Ins. Co. v. Costco Wholesale Corp.*, No. 17-cv-07316-MEJ, 2018 WL 1151730, at *2 (N.D. Cal. March 5, 2018) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).  As discussed above, as the party seeking to remove the action, Amazon bears the burden of establishing that subject matter jurisdiction exists.  *Gaus*, 980 F.2d at 566; *see also Federal Ins. Co.*, 2018 WL 1151730, at *2.  A removing party may carry that burden by, for example, submitting a sworn declaration with its opposition to a motion to remand with information such as the location of its headquarters and executive officers.  *See, e.g., Rockymore v. Eurofins Donor & Product Testing, Inc.*, No. 3:22-cv-00176-WHO, 2022 WL 1188859, at *4 (N.D. Cal. Apr. 20, 2022); *see also Carrington Stonemasons, Inc. v. Ford Motor Co.*, No. 24-cv0080-BLF, 2024 WL 745938, at *5 (N.D. Cal. Apr. 22, 2024) (finding that removing defendant met its burden to establish citizenship where it submitted an unrebutted declaration in opposition to motion to remand with a Statement of Information filed with the California Secretary of State identifying its principal place of business and an SEC filing stating state of incorporation and location of principal place of business).

Here, however, Amazon has submitted no evidence that its principal place of business is located in Seattle, Washington.  Instead, in its opposition to the motion to remand, Amazon simply relies on the statement in its notice of removal that for purposes of diversity jurisdiction, Amazon is incorporated in Delaware with its principal place of business in Seattle, Washington and is therefore a citizen of Delaware and Washington.  Dkt. 9 at 1-3.  Amazon's single conclusory allegation in the notice of removal that its principal place of business is in Washington (*see* Dkt. 1 ¶ 12) is not sufficient to carry its burden of demonstrating that subject matter jurisdiction exists. *See Ganesan v. GMAC Mortgage, LLC*, No. 11-0046 SBA, 2011 WL 1496099, at *2 (N.D. Cal. Apr. 20, 2011) (finding that "Defendants' bare allegation in its Notice of Removal that Virginia is

1   [the] principal place of business is not evidence" and failed to meet their burden of justifying

2   removal); *see also N. Cal. Power Agency v. AltaRock Energy, Inc.*, No. 11-1749, 2011 WL

3   2415748, at *3 (N.D. Cal. June 15, 2011) (remarking that removing defendant "made no attempt"

4   to meet its burden of establishing its state citizenship when "it alleged in one conclusory sentence"

5   in its notice of removal that its principal place of business was in Washington); *Rockymore,* 2022

6   WL 1188859, at *4 (stating that uncorroborated statement in notice of removal that defendant

7   corporation's principal place of business was in Leola, Pennsylvania because it performed the vast

8   majority of its executive and administrative functions at its corporate headquarters in that location,

9   which was also the home office of its corporate secretary "would have required remand" had

10   defendant not submitted evidence with their opposition to motion to remand).

11   Amazon argues that "Plaintiff has not presented any basis to challenge" Amazon's

12   assertion regarding the location of its principal place of business and argues that "therefore the

13   Court must conclude it is true for purposes of resolving subject matter jurisdiction." Dkt. 9 at 2-3.

14   But Amazon's argument turns the burden of proof on its head.  *See Ganesan*, 2011 WL 1496099,

15   at *2.  Amazon has failed to establish that the diversity of citizenship requirement is satisfied.

16   Although in appropriate circumstances district courts have discretion to allow jurisdictional

17   discovery prior to remand, the Court does not find such discovery necessary or appropriate in this

18   case.  Amazon has not requested such discovery, the evidence necessary to establish Amazon's

19   citizenship for purposes of diversity jurisdiction is already in Amazon's control, and Amazon

20   elected not to present such evidence to the Court.

21   Accordingly, Amazon has failed to carry its burden of demonstrating that this Court has

22   subject matter jurisdiction, and remand is proper.

23   **B.      Procedural Arguments**

24   Amazon argues that Plaintiff's motion to remand fails to comply with Civil Local Rule 7-2

25   because it does not notice a motion date, conform to formatting requirements, or include a

26   proposed order. Dkt. 9 at 1.  Plaintiff makes similar procedural arguments against Amazon in his

27   reply brief.  *See* Dkt. 10 at PDF pp. 1-2.  However, the Court has an independent obligation to

28   ensure that it has subject matter jurisdiction, and lack of federal jurisdiction cannot be waived.

United States District Court
Northern District of California

*Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). The Court therefore declines to deny Plaintiff's motion to remand on procedural grounds.

## IV.     CONCLUSION

In light of the principle that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance" (*Gaus*, 980 F.2d at 566) and for the reasons discussed above, Plaintiff's motion to remand is **GRANTED** and this case is remanded to Santa Clara County Superior Court.

**SO ORDERED.**

Dated: May 30, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California