UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAO LIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　Defendant. | Case No.  24-cv-01549-SVK<br><br>**ORDER DENYING MOTION FOR COSTS**<br><br>Re: Dkt. No. 14 |

　　　Self-represented Plaintiff commenced this action in state court, and Defendant Amazon.com Services LLC ("Amazon") subsequently removed the action to this Court on the basis of diversity jurisdiction.  *See* Dkt. 1 ¶¶ 1, 5, 9-13.  Upon Plaintiff's motion to remand, the Court remanded this action to state court after concluding that it lacked diversity jurisdiction in light of Amazon's failure to submit evidence regarding its state citizenship.  *See* Dkt. 11 (the "Prior Order").[1]  Plaintiff now moves for an award of costs incurred as a result of Amazon's removal.  *See* Dkt. 14 (the "Motion").  For the reasons set forth below, the Court **DENIES** the Motion.[2]

I.　　**LEGAL STANDARD**

　　　Upon remand of an action removed to federal court, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *See* 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees [and costs]

---

[1] The Court assumes familiarity with its reasoning in the Prior Order.

[2] Plaintiff and Amazon have consented to the jurisdiction of a magistrate judge, and the Court has determined that the Motion is suitable for resolution without oral argument.  *See* Dkts. 5, 7; Civil Local Rule 7-1(b).

1  under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking
2  removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."
3  *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citation omitted).  "Removal is not
4  objectively unreasonable solely because the removing party's arguments lack merit . . . ."
5  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (quotation marks and
6  citation omitted).  Rather, the analysis concerns "whether the relevant case law clearly foreclosed
7  the defendant's basis for removal" and "the clarity of the law at the time of removal."  *Lussier v.
8  Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).  Courts enjoy discretion in deciding
9  whether to award fees and costs under Section 1447(c).  *See Martin v. Franklin Cap. Corp.*, 546
10 U.S. 132, 139 (2005).

## II. DISCUSSION

In remanding this action, the Court concluded that Amazon failed "to carry its burden of demonstrating that subject matter jurisdiction exists" because Amazon offered no evidence that it is a citizen of Washington and instead relied exclusively on a "single conclusory allegation in the notice of removal that its principal place of business is in Washington."  *See* Prior Order at 6.  The failure to provide sufficient evidence is not an erroneous application of settled law.[3]  Consequently, the Court cannot say that Amazon's removal of this action was objectively unreasonable.  *See, e.g.*, *Nunez v. Alibaba Grp. (U.S.), Inc.*, No. 24-cv-00090-JES, 2024 WL 4048875, at *5 (S.D. Cal. Sept. 4, 2024) (removal not objectively unreasonable where defendants failed to satisfy evidentiary burden in asserting diversity jurisdiction); *Taylor v. United Road Servs., Inc.*, 313 F. Supp. 3d 1161, 1182-83 (E.D. Cal. 2018) (same).

///

///

---

[3] Indeed, it may very well be true that Amazon is a citizen of Washington for purposes of diversity jurisdiction.  *See, e.g.*, *Haymore v. Amazon.com, Inc.*, No. 24-cv-00729-TLN, 2024 WL 4825253, at *7 (E.D. Cal. Nov. 19, 2024) ("This case satisfies the diversity requirement because, for purposes of diversity jurisdiction, Plaintiff is a citizen of California and Amazon is a citizen of Washington and Delaware." (citations omitted)), *report and recommendation adopted*, 2025 WL 565499 (E.D. Cal. Feb. 20, 2025).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**SO ORDERED.**

Dated: March 17, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge